Please have a seat. And first of all, we'd like to thank the parties for coming in on short notice. This was filed as an emergency motion. Obviously, we had a number of questions, and so we felt the most efficient way to handle this was to have you come in for an argument this morning. Kevin, would you call the case, please? Case number 16-0-4-8-0, People v. Caprice Johns. And will counsel please approach and identify yourselves? Good morning, Justices. My name is Vince Colucci, Assistant Public Defender of Cook County, and I represent the appellant, Caprice Johns. Good morning, Your Honors. Eric Liefblad, L-E-A-F-B-L-A-D for the People. Okay. And as I'm sure you know, these microphones here are for purposes of recording. They are not for amplification. Let's treat this as if we're in a trial court. In a trial court, we'd have a motion hearing, and you'd both stand up here. And, you know, there's some give and take. We won't treat this as a formal appellate argument. Because we have some questions, and depending on the nature of the question, you may respond. So, Mr. Colucci, it's your motion. Why don't you proceed? Thank you, Justice. May it please the court, counsel, as an initial matter, Justices, I am asking Lief to file a motion to strike the State's Exhibit A and to supplement the Petitioner's verified motion for review of bail. Essentially, the Exhibit A contains information that wasn't presented to the circuit court below, and it goes towards specifically the materiality of the witness. It wasn't presented below, and we don't believe that the State should now be able to supplement their motion with facts outside the record. Also, we are asking to… You'd like your own supplement? In not so many words, yes, Justice. We're asking to clarify the issue of the unrelated matter in Indiana and the status of that bot and the charge and what that is. I didn't receive information about what it was until yesterday. So, as a clarification, because that was discussed in the circuit court, the unrelated Indiana matter. All right. Well, Lief to file your motion is granted. Thank you, Judge. I do have courtesy copies. We all have them. We all have them? Yes. Judge, we're asking… Justice, we're asking you to review the no bail order that was entered on February 18, 2016 by Judge Cannon. That was entered immediately after the State filed a petition to have Caprice Jones certified as a material witness in case number 14CR06853. That motion, the authority relied by the State, is 725 ILCS 5-109-3, subsection D. Will you clarify for us the sequence of events that led to Ms. Jones being taken into custody? Sure. There was an unrelated Cook County traffic warrant that was executed on February 9th, and she was taken into custody. On February 10th, that matter was disposed of via a plea agreement after a 402 conference with the judge. On February 16th… And it was disposed by time in custody. Correct. And that was Judge Sullivan? Yes. Okay, we don't have a copy of that order, but she held her no bail on that day, is that right? Correct, on the extradition. Okay, but just on the Indiana warrant? Yes. And the waiving extradition? The Cook County case was done? Yes, it was finished. Okay, all right, thank you. After that, on February 16th, the State's Attorney's investigators served Ms. Jones with a subpoena to testify at a March 4th, 2016 trial. While she was in custody? Yes. She hadn't been retrieved by Lake County yet from Indiana and taken back to Lake County, so in the interim, she was served with a subpoena. Is that unusual that she's being held on an Indiana warrant on February 10th? Nearly a week later, they haven't come to pick her up. Is that unusual? It certainly should be, Judge. I can't say why it was taking so long for Lake County to come pick up Ms. Jones. But as I understand it, once Cook County no longer has a hold on Ms. Jones, she should be going to Lake County. Well, Lake County should come get her. Correct. Nobody's going to see her. Right. They have to wait for, like, they'll hold her, they'll say, Indiana, we've got her, we're holding her, come get her. Correct. Just took a long time. Yes. Okay. The issue that we're presenting before this court is that Ms. Jones, number one, shouldn't have ever been considered a material witness, because but for her being a material witness, there wouldn't have been a bond hearing. This is the 218 here? The 109-3, 218, February 18th, correct. In front of Judge Cannon? Yes. Okay, so she's in jail. Yes. Cook County Jail. And the state says, ah, we've got our material witness. She's in custody. Let's get her over to court and have the court declare her a material witness. Yes. Okay. And then? And then on the 18th, Ms. Jones was informed that she was being sought to be declared a material witness. I was appointed in the trial court. I objected on notice because I didn't have any of the discovery from the underlying case that they were saying she was a material witness. I didn't have any police reports. I didn't even have copies of these alleged prior statements that Ms. Jones supposedly made. So tell me, when the state comes in on a motion to declare someone a material witness, what is the typical format? Is there an affidavit from the state's attorney? Are there materials attached? What? Well, generally, Judge, my understanding is that the person will be in custody following a failing to appear at a court date. They will have been at least given a chance to show up in court. Here. Does the law require that? I'm sorry? Does the statute require that first step? The statute does not require that specifically, but that would be the only way, generally, that a non-accused and a non-subpoena witness would appear before the court. Well, except here they tried to find her on four separate occasions and they couldn't for trial. Correct. That is, I don't know about four times, Justice. 2-28, state answered, not ready, couldn't find her, witness. 1-15-16, state answered, not ready, couldn't find her, witness. 1-22-16, state answered, not ready, couldn't find her, witness. 2-1-16, state answered, not ready, couldn't find her, witness. And that is in the state's response to our verified motion. Am I correct? Yes, I believe so. That is also information that was not made part of the record at the trial court. There was no indication of how. So the state knows this, but the court doesn't. Correct. And you don't have it with you. Correct. There was no indication as to any sort of attempts by the state's attorney's office to serve Ms. Johns. There was just a blanket statement. We tried. We weren't able to. Subsequently. Well, that goes back to my question. In a typical motion, would there be an affidavit? Maybe I should ask you. Yeah. Would there be an affidavit from an assistant saying, here's how we've tried to find this witness on such and such a date, couldn't find her, couldn't answer, ready for trial, just as Justice Buczynski recited. And here's why she's a material witness. Here's what the police reports reflect. Maybe you attached the police reports. How does it work? Justice, I spent, before coming to appeals, I spent the last 11 years in the gangs unit. I've used this statute several times. And the procedure is that we file a petition. And then follow that up. With how much notice? Well, in a situation here, as far as notice, and the case McDonald speaks a little bit to notice, but that's towards the defense, you know, the people that the material witness would be testifying against. The defendant. Correct. So, but as far as notice goes, Judge, I mean, she was brought in front of the court. She was appointed public defender, which public defender's office also represents the defendants in this case, Judge. So, I mean, that's something that the court should be aware of. So that is a problematic situation, Judge. Do you object to them representing as a potential contact? Justice, it wasn't brought up below. However, it does have an appearance here where we have witnesses that are, you know, being represented by the same office that, you know, that they're defending. So, it wasn't objected to below. But I do want to make the court aware of that. So, your motion filed in the circuit court didn't attach any affidavit. It did not. It didn't attach any information about the underlying case, the murder case, and her involvement. So, on what basis can the trial court make that determination? Justice, on the basis of the proffer. And the assistant state's attorney is contained in the exhibit that is attached to the defense motion, which I believe is exhibit three. There is a transcript of the proceeding where the assistant state's attorney made the representations. So, somebody in Mr. Colucci's position who receives the state's motion is appointed to represent Ms. Johns, who certainly has potentially a right not to be held in custody, shows up in court, and the state's attorney says, let me tell you, Judge, why she's a material witness. How does somebody in Mr. Colucci's position defend that? Judge, I don't believe the – Justice, I don't believe that the statute – We'll take Judge. We don't need the justice, yeah. We don't care. We don't care. We don't care. We don't care. We don't care. We don't care. I don't show up in that worry. I don't believe the statute provides for a notice in this situation. And I know that Mr. Colucci, from reading the transcript, mentioned the fact that in a bond review situation, the people have three days' notice. I don't believe the statute provides for anything like that. Well, but the state's motion, the relief you saw, was declare Ms. Johns a material witness, have her execute the written undertaking that the statute contemplates that she will, in fact, appear at the murder trial on March 4th. That's correct. And set a reasonable bond. You didn't ask the court to hold her in custody, to bypass what the statute says and just hold her in custody. Justice, what the state's attorneys asked for and what the statute provides for is that if the witness executes the written agreement, which she did not, regardless of what was – But, you know, there's a sequence of events here. I mean, the statute contemplates, as I read it, witnesses – the motion is filed, the witness is brought in, the witness is afforded the opportunity to execute that written undertaking to appear. And when she refuses, the court has the discretion to hold her in custody. That's my understanding of the sequence. Right. So Judge Cannon immediately said, I'm going to hold you on a no bail warrant. She didn't give her the opportunity to say, we want you to appear at trial. Correct. Will you sign this undertaking? That is correct. Okay. So that didn't happen. Judge Cannon and Justice Kuczynski has pointed out to me at the hearing, contrary to the state's motion, the state's attorney stood up and said, we want a no bail warrant. That is correct, Your Honor. Okay. So how does that comport with the procedure contemplated by the statute that says, will you execute this written undertaking? No, I won't. Okay. Then I'll hold you in custody. My understanding of the statute is exactly how you just expressed it, Judge. And what I would say is that regardless of the sequence here, this Ms. Johns has never entered into the written agreement. She was advised not to, which is the representation that is made in the verified motion. And that was after she was held on a no bail. That is correct. But at no time has she, I can't change the fact that the sequence is out of order. Did anybody ever tell her if you execute this, you have a possibility of being released? The record does not reflect that, Your Honor. That's the problem. Now, if we've gone through the exact sequence that the statute currently itemizes and went through it step-by-step-by-step according to the way the statute is written and at the end Judge Cannon had said, okay, fine, you're willing to execute this, but I'm setting the bond at $1 million. That would have been Judge Cannon's right to do that. She could have set something or, in the alternative, according to my reading of McDonald, she could have said, okay, you've executed this, but I'm still setting no bail. Is that a correct statement? That can happen. And I've had that scenario happen as well, Justice, when I've used this statute in my cases at 26 and California. I've had people where I couldn't locate them, and I've had the marshals trying to find them, and then when we finally got them, they were held regardless of having executed that agreement. Just because we were in a fourth-term motion like we were here, and justices, based upon the representations made in our fourth-term motions, we tried to find Ms. Johns, I believe it's over two dozen times. I can give the exact count of it. Is this anywhere before us? It is not. It is not. So that's another problem. How do you reconcile the language of the statute uses a lot of mays, the court may, the court may, the court may, and it seems to be much more discretionary than we're talking about right here. The court has wide latitude, according to McDonald, on how to deal with a witness such as Ms. Johns under this statute. If, in one of the balancing factors, you know how hard it's going to be to get this person to come in, but there was nothing presented to her that said it's going to be hard to get her to come in. Well, I actually disagree with the court on that because we do have a situation where Lake County has been aware, Lake County, Indiana, has been aware that this person is in Cook County Jail, and they have not come. They haven't come to pick her up. Correct. And she's going to be held on that Lake County, Indiana, warrant until they do come pick her up, right? Possibly. I don't know the sequence, and we are, the trial team is picking tomorrow in front of Judge Gaunt, and from my talk, I spoke to both of them personally yesterday, and they believe Ms. Johns will hit the stand on Tuesday. She will testify. Okay. So, but in the meantime, what if Indiana had come and picked her up? Why wouldn't you have been able to get her back? If they would have come in a timely fashion, we would have had definitely had a lot, we would have had enough time to actually bring her back. I think the reason why the state's attorneys, I don't know this for a fact, but my instincts tell me that I think the reason why the state's attorneys appeared in court on the 18th is that the fact that Lake County hasn't picked her up in a timely fashion, which complicates getting her back. I've gotten witnesses back from foreign jurisdictions who are in custody, and it's... So if she was in custody in Indiana, there would be no problem getting her back. What if she fined it out in Indiana? Or if she pled guilty and got time considered to serve, this is not a major felony in Indiana. We don't know what's going to happen, and we are in a situation that we are deep into an extended term on this. So, Mr. Polucci, to repeat Justice Buczynski's question to you, is that your experience on material witness motions? That a court has the discretion and has exercised that discretion, notwithstanding the witness's written undertaking saying, I promise to appear, to say, you know what? I don't believe you. I'm going to hold you no bail. Judge, that's not my experience, and I don't believe that the statute reflects that view. I believe that the issue presented by Justice Buczynski was whether or not a dollar amount could be set on the material witness after she executed the recognizance agreement. Under the statute, it explicitly says that the judge may require any material witness for the state to enter into a written undertaking to appear at the trial and may provide for the forfeiture of a some certain. Some certain means a dollar amount. That's not no bond. That's not a no bail. So Judge Cannon says, you know what? I'm going to provide for the forfeiture of $50,000. And again, I think the McDonald case, Judge, it's not a First District case. It's not a Supreme Court case. It's a Third District case. It's not binding here. We're all one court. I understand, Judge. And this issue, frankly, I mean, McDonald is it because the issue comes and goes before it ever gets here. The reason why I think McDonald misinterprets 109-3 is the language of 109-3 talks about recognizance, and it doesn't mention anything about bail. And under the code, recognizance is defined separately from bail. If the legislature had intended on creating a situation where a bond amount could be set on a material witness who's done nothing wrong, by the way, committed no crimes, violated no court orders, they would have included the word bail. The way that the statute is worded, they can have her enter into a written undertaking to appear at the trial and can provide for the forfeiture of a sum certain if she doesn't appear. So how do you, when you say the forfeiture of a sum certain, you're talking about, in this case, a woman who's homeless. State has had great difficulty locating her. And so what does it mean in terms of securing the witness's attendance to provide for the forfeiture of a sum certain if the court can't set a bond? Judge, I liken the situation to when an individual is given an I-bond with a dollar amount attached to it. They sign it. They agree to come to court. If they fail to come to court, they forfeit that dollar amount. They're responsible financially to the court. But an I-bond has to be secured by something. The promise to come to court. And the I-bonds are given to individuals who are actually accused of doing something wrong. Ms. Johns, to agree with the state's position that a bond could be set on someone who hasn't done anything wrong, is just an overreach of the state's power and ignoring the mass power of the subpoena. They had the opportunity to subpoena her. Just because the state allowed their information, their contact information, for Ms. Johns to go stale, that's not Ms. Johns' fault. We don't place the burden on an accused at trial for anything. We shouldn't be placing a burden on someone who's not accused of anything to be reaching out to the state's attorney. If they want her to testify for them, they should be making the proactive measures of contacting her monthly, letting her know what's going on with the case. Well, they did serve her with the subpoena once she was in custody and they could find her. Correct. They had trouble serving her with the subpoena four separate times for this trial. But prior to their difficulty, they had been in contact with Ms. Johns. Initially, when she was brought to the police on the unrelated warrant, they asked to speak to her about what she knew about the case. They told her, we can't do anything about that unrelated warrant. And Ms. Johns was like, okay, you know what? I'm still going to cooperate. After that, she agreed to come and give a video statement on a different date. Subsequent to that, she agreed to come and testify at the grand jury at the state's request. At every single pre-trial stage of the state's case, she's been compliant, she's been cooperative. There's nothing in the record indicating that she's not going to cooperate. And even Judge Cannon said on the record that she believed Ms. Johns would appear in court. Well, she probably will. She keeps her in jail. Correct. I mean, as a practical matter, let me ask you, at the last hearing before Judge Gauth, he found Ms. Johns in direct criminal contempt and held her over for a hearing on Monday. Correct. And that's not before us. Correct. Is there anything we can do for her before Monday? Judge, I think in a situation such as this where, regardless of what happens subsequent, which I would like to point out, the only reason she was placed in that situation is because of this overreaching by the state and Judge Cannon placing her in custody for not having done anything wrong. I was at that hearing. I was standing next to Ms. Johns as she was walking away. I did not hear anything. I did not hear any words come out of her mouth. There was mumbling. I don't know who it was directed at. I can't say if it was directed at the court, if she was mumbling to herself. She's been locked up in Cook County now since February 9th. She's under a lot of pressure. It appeared to me as though possibly frustration got the best of her and she didn't keep her emotions in check. I guess my question was, as a practical matter, she is being held. We can't vacate Judge Gonsalor on the direct criminal contempt. She's in custody. Are we here for an academic exercise? No, Judge. It sure seems like it. The issue of the contempt, while it is still pending, there's no guarantee that the trial is actually going to go on Friday, on the 8th. There's no assurance that this issue will be resolved any time soon. They can ask for another extension. A number of different things can happen. But, again, whenever a court is overreaching and the state is abusing a statute such as this and misinterpreting it to a degree that it's affecting an innocent civilian who's done nothing but comply with the requests of law enforcement, I believe that it is properly before this court. If not to get her out any sooner, then to avoid setting the dangerous precedent of allowing the state to do this. There's no basis in law for what happened on February 18th. There simply isn't. What about that, Mr. Lieflad? We have a witness who didn't do anything wrong. She has cooperated, as far as the record shows, with law enforcement. I don't hold somebody like that in custody. Well, first of all, to answer your question, her cooperation ceased in March of 2014, which is when she testified in front of the grand jury that day. Why do you say it ceased? She's, in the attempts to locate, I mean, it's probably, I don't know. Again, to Mr. Colucci's point, this is a witness that the state has considered since the get-go to be a material witness. Correct. And isn't it the state's burden to keep track of her whereabouts? And if she moves and doesn't give the state her forwarding address or she disappears, how does that mean she gets held in custody? If we satisfy the statute and we make the finding of that and she refuses to enter into a written agreement, the statute provides for what happened, Your Justice. And I acknowledge the fact that the sequence is off, but I object to the defense characterizing this as an overreach by the state in abusing this. I object to the defense characterization that Judge Cannon did anything wrong in this case. I mean, the sequence is improper. But if you were to remand this case and she would still remain refusing to sign the written agreement to appear, she would still be covered under this statute. The only thing that the problem here is the sequence, and that is it. So, and also to the court's... You know, isn't, when you say it's just the sequence of events, I mean, it seems to me the way the statute is written, it's an if-then proposition. If the material witness refuses to execute the recognizance undertaking to appear at the trial, then the court does something. I read it that way, too. And when the witness is not given that opportunity and instead is held no bail, and then somebody says to her, because it's not in the transcript, will you execute this? Correct. It's not, there's no representation that Ms. Johns was told, if you execute this, it will be to your benefit. You can get out. Nobody told her that, right? I agree. And the only representation that appears in the defense verified motion, where they say that they advised her not to sign it after she was already, the sequence was wrong. I agree. What if she had signed it then? I think that we would have come, I mean, I think that we would have been in a completely different situation. Well, it's still here. Yeah, would we be here? Would the state have said, ah, she said she's going to appear, we've got to take her in a word, let her go? You know, I would love to be able to make that representation. However, based upon the sequence and the exigency of the Lake County warrant and then failing to come pick her up, I believe that we probably would still be in a situation similar to this. Speaking of representations, can you represent that the state has had nothing to do with Lake County sitting on their hands? I know both prosecutors. I didn't ask them that question. I saw them yesterday. I was at 26th California yesterday. It just seems like one of those things where they can be, ah, just take your time. We've got the case coming up. Stay here. She can stay there. Don't worry about it. If I was the trial prosecutor in that situation, I would be concerned about, you know, potential liability if we were telling Lake County to slow down on that if something happened in Ms. Johnson's custody. So that's the way I would be looking at it if I was presented with the facts as the trial attorney. And also, Justice, to address your position about this being an academic exercise, the case is continued to the 8th because Monday is Pulaski Day. So the day that her contempt case is up is the day that she is due to testify. Mr. Kochi, you said that you also question raising the issue of whether or not she is actually a material witness. Yes. Based on the proffer offered by the state's attorney on the 18th, there is, it's insufficient. Specifically, they proffered that Ms. Johns was one of the people in one of the cars at the location where this crime allegedly happened. The proffer goes on to indicate that Ms. Johns and one of the defendants then returned to the scene to retrieve a cell phone that was left behind. And lastly, it was alleged that Ms. Johns had previously presented herself as a witness and that her testimony had been secured. Now, that alone doesn't tell me what other evidence the state has. But does she have to be the only or the most important witness to be a material witness? Not at all, Judge. But based on the additional information that I've received in the state's response, I think it's clear that they have numerous other ways of presenting the exact same evidence. There's 12 occurrence witnesses that were on scene that day, and one of them, Judge, was actually in the car allegedly with Ms. Johns and the defendant when they went back to get the cell phone. So maybe that person has credibility issues or such a bad criminal history that I don't want to pin my hopes on him or her. So I'd like to have Caprice Johns here. I understand. I mean, does the state have to lay out its entire case to say why this witness is deemed material? Had the state followed 109-3, I don't think so. But since they haven't and they're holding somebody who is more credible because she doesn't have any felony convictions and is a better witness, they're using the statute to hold her without bail and prevent the possibility of her just complying on her own, which again... We're talking about whether she's a material witness. Yes. The procedural part of it we've covered very thoroughly, but to your point that the state didn't make an adequate showing, I mean, how much do they have to lay out? I think more than a bald assertion that she's a material judge, we want to put her out there. How about putting her at the scene of the crime in the car with the alleged perpetrator and taking him back there to retrieve his cell phone that he left at the scene? Isn't that enough? But again, the proffer didn't state that she specifically, how she witnessed the crime happen. It didn't say that she observed one of the defendants pull the trigger, she observed the victim sitting dead in the vehicle. There's no detail here that at least would give me some sort of notice as to what they're saying Ms. Johns testified to. And if they want to use her prior testimony at trial by having her testify to it again, she's at least entitled to know what that prior testimony is and why they consider it material. And the record's just devoid of any of that. Anything else you'd like to say? Justice, I would just like to say that as far as we can do our case with other witnesses, I don't have to tell the court. We have the burden of proof and we have a right to choose which witnesses that we are going to put forward to maintain our burden of proof. So if we decide that Ms. Johns is material and the court agrees with us on that, that's good and we made a sufficient proffer here. And I'm prepared to do a full proffer like you would see during a bond hearing. We don't want to be the trial court. No, thank you. Anything else, Mr. Colucci? Judge, we feel as though the lower court didn't follow procedure, denied Ms. Johns her due process rights. We're asking that the order declaring her a material witness and the subsequent order of no bail be vacated and that the no bond hold be lifted or in the alternative that she be given at least the opportunity to execute the recognizance as required by 109-3. All right. Again, thank you for coming in on short notice. We will take the matter under advisement. Thank you.